### JOHN H. GLOUCESTER *vs.* ALFRED PAGE.

A written agreement by the mother (herself an infant) of a boy less than fourteen years old, whose father is dead, to surrender all her rights of custody and control of and communication with the boy, to a man and his wife who in consideration thereof agree to take suitable care of him, educate him at the public schools, and teach him a trade, gives them no such claim to the boy as to control the discretion of the probate court in subsequently appointing another person his guardian with the mother's assent.

APPEAL from a decree of the probate court appointing Alfred Page guardian of William Page, an infant.

At the hearing, before the chief justice, it appeared that the infant was five years old ; that Alfred Page was his grandfather ; and that Elizabeth Page, the mother of the infant, assented in writing to the grandfather's appointment.

But the appellant himself laid claim to the child, by virtue of a previous agreement executed in writing by himself and his wife, as party of the second part, with Elizabeth Page, as party of the first part, on May 24, 1867, at which time the father of the in-

fant was dead but the mother was herself under full age. The stipulations of this agreement were as follows:

"The party of the first part, being the mother of the child called William Page, and having the greatest confidence that the party of the second part will ever bestow upon said child kind, parental care and treatment in sickness and in health, will give him suitable food and clothing, will cause him to receive such common school education as children in his condition in life ought to receive, and teach him some trade to enable him to earn a livelihood when he shall have become of age, solemnly agrees, and so far as she is able irrevocably binds herself, to give and surrender said child to the party of the second part, and forever release and yield up to them all her government and control over said child, and that she will not hereafter have any communication with or influence over him against the wishes of the party of the second part or either of them.

"And the party of the second part promise and agree with the party of the first, that they will take said child, properly clothe and feed him, give him suitable care and treatment in sickness and in health, bestow upon him such advantages and means of obtaining an education as the public schools afford and offer, and in due time teach him the trade or calling of barber and hairdresser, or some other useful trade, provided he shall remain with the party of the second part, or either of them, a sufficient length of time to enable them to do so."

The chief justice ruled that this agreement did not give the appellant a valid claim to the child; and reported the case for such a decree as the full court might direct.

*I. H. Wright*, for the appellant.

*H. L. Parker*, for the appellee.

BY THE COURT. The agreement previously executed between the appellant and the mother, then a minor, does not of itself constitute a valid claim which could control the discretion of the court, in appointing, with the assent of the mother, another person to be guardian of the child.                    *Decree affirmed.*